UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **REALLY BIG COLORING BOOKS, INC.,**<br><br>     Plaintiff,<br><br>v.<br><br>**RACHEL NUNES,**<br><br><u>Serve at</u>:<br>     Planck, LLC,<br>     3500 S Dupont Hwy.<br>     Dover, DE 19901<br><br>and<br><br>**PLANCK, LLC d/b/a PATCH MEDIA,**<br><br><u>Serve at</u>:<br>     Reg. Agt. - Incorporating Services, LTD.<br>     3500 S Dupont Hwy.<br>     Dover, DE 19901<br><br>     Defendants. | Case No. 4:22-cv-39<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT,
TRADEMARK INFRINGEMENT, AND TRADEMARK DILUTION**

COMES NOW Plaintiff Really Big Coloring Books, Inc., by and through its undersigned counsel, and states for its Complaint against Defendants Planck, LLC and Rachel Nunes ("Defendants") the facts set forth below. Plaintiff demands a jury trial against all causes of action against Defendants.

**SUMMARY OF THE ACTION**

1.      Defendants, utilizing Plaintiff's trademarked name, "pirated" a physical copy of Plaintiff's copyrighted coloring book, digitized the coloring book and distributed free digital copies of the coloring book on their website without Plaintiff's license or permission.

Defendants did so knowing that the coloring book was copyrighted, and used Plaintiff's name knowing it was trademarked.

2.  Defendants' actions were willful, intentional, reckless, and caused Plaintiff to suffer substantial damages.

## THE PARTIES, THE TRADEMARK, AND THE COPYRIGHT

3.  Plaintiff is a domestic entity. Plaintiff is a creative studio and print shop with its principal place of business in the Olivette neighborhood of St. Louis County, Missouri.

4.  Plaintiff is the owner of the word mark "Really Big Coloring Books," Registration Number 2604678 ("the Mark"). Plaintiff first used the Mark in 1988. Plaintiff filed the application for registration on October 22, 2001 and registration occurred on August 6, 2002.

5.  Plaintiff has used the Mark continuously and publicly to sell its coloring books, including the coloring book at issue in this litigation.

6.  Plaintiff's use of the Mark was, at all times relevant, accompanied by the "circle R" designation indicating its status as registered.  As such, Defendants knew at all times relevant that the Mark was registered and belonged to Plaintiff.

7.  Shortly after creating the coloring book at issue, Plaintiff obtained a federally registered copyright for the coloring book under the name, "Bristol Police Department Coloring and Activity Book K-9 Brody" bearing a registration number of TX-9-051-938.

8.  Plaintiff's effective registration date for the Bristol coloring book was November 24, 2021.

9.  The registration occurred within ninety days of the first publication of the coloring book.

10.  Defendant Planck, LLC is a foreign entity with its principal place of business in

Delaware. Defendant Planck owns, controls, operates, and derives substantial profits from www.patch.com.

11. Defendant Planck employs, directs and manages Defendant Rachel Nunes and did so at all times relevant to this Complaint.

12. Defendant Rachel Nunes is a professional journalist. Upon information and belief, she is a resident of Rhode Island. She is employed by Defendant Planck as a field editor for www.patch.com.

13. Defendants, at all times relevant to this action, acted jointly and in concert with each other. Defendants are co-agents and each acted with the express approval of the other.

## JURISDICTION AND VENUE

14. This is an action arising under the Copyright Act, 17 U.S.C. § 501, this action also arises out of the Lanham Act, 15 U.S.C. § 1114(1), 1125. As such, this Court has subject matter jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1338(a). This Court has pendent jurisdiction over Plaintiff's state law claims as those claims arise out of the same facts and circumstances as Plaintiff's copyright and trademark claims. Therefore, the state law claims are joined and substantially related to Plaintiff's federal claims.

15. Defendants are subject to personal jurisdiction in Missouri as they conduct systematic and continuous business in the state of Missouri. Defendants write articles and conduct advertising campaigns aimed at residents in the state of Missouri via www.patch.com. Planck publishes www.patch.com daily in the St. Louis, Missouri metropolitan area within this District and features a continuous daily stream of local news stories originating from municipalities like Sunset Hills, University City, and Olivette, where Plaintiff's business is located. Defendants operate as a for-profit newspaper featuring advertisement banners that run

with the daily stream of local news stories, and Defendants generate substantial, continuous revenue from these advertisements. For example, in this District, Planck earns substantial revenue from banner advertisers like Missouri's MOST college savings program and many small local businesses. Defendants also generate continuous revenue in Missouri from www.patch.com by selling classified advertising to individuals and business in the St. Louis area within this District.

16. Plaintiff suffered the harms described herein in Missouri because Plaintiff is a Missouri entity that created the coloring book and took steps in Missouri to effect the copyright of the coloring book. Defendants had notice of Plaintiff's trademark and copyright and knew that Plaintiff was located in St. Louis, Missouri, and therefore Defendants they would be subject to jurisdiction in Missouri if they infringed upon Plaintiff's rights in the coloring book. Accordingly, this Court has personal jurisdiction over Defendants.

17. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in Saint Louis, Missouri in this District. Plaintiff created the coloring book in this district, and Plaintiff was harmed in this district. Defendants made the coloring book available when they made the pirated copy of the coloring book available on their website www.patch.com, which could be and was in fact continuously accessed in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

18. Plaintiff, at all times relevant, has been the sole owner of the Mark and the copyright to the coloring book. Plaintiff never assigned these rights to Defendants.

19. Defendants had no permission to use Plaintiff's trademarked name, and Defendants had no permission to use the copyrighted coloring book.

20. Plaintiff sold only physical copies of the coloring book in question. Plaintiff printed the copies on high-quality paper meant specifically for "coloring in."

21. Plaintiff deliberately chose not to publish any digital copies of the coloring book and did not assign any digital rights to the coloring book to anyone.

22. On each page of the coloring books, Plaintiff placed notice that the coloring book was subject to copyright protection.

23. Throughout the coloring book, Plaintiff emblazoned the Mark, "Really Big Coloring Books" to show that the coloring book was Plaintiff's genuine product.

24. In late October or early November of 2021, Plaintiff created the coloring book and sold a large number of physical copies. Plaintiff anticipated that sales of the coloring book would continue for years thereafter.

25. Shortly after creating the work, Plaintiff obtained a federally registered copyright for the coloring book under the name, "Bristol Police Department Coloring and Activity Book K-9 Brody" bearing a registration number of TX-9-051-938.

26. In November of 2021, Defendant Rachel Nunes, a field editor for Defendant Planck's www.patch.com newspaper, obtained a copy of the coloring book acting within the course and scope of her agency for Planck.

27. Specifically, Planck had tasked Nunes with writing an article about the Bristol Police Department and with making the article attractive to prospective viewers. Planck knew that Nunes would obtain a copy of the coloring book to feature in the article.

28. Defendant Nunes did in fact obtain a physical copy of the coloring book; she removed each individual page from the physical coloring book with an exacto knife or similar instrument, carefully scanned each page front and back in a high-resolution scanner that she used

in the course and scope of her job with Planck, and proceeded to create a full-color replica of the Bristol coloring book in digital format.

29. Defendant Nunes, a professional journalist, saw the copyright and trademark warnings that Plaintiff placed throughout the coloring book and knew with certainty that she was infringing on Plaintiff's intellectual property when she created and then later published the digital copy of the coloring book.

30. Defendants later posted an article on www.patch.com with Nunes' article about the Bristol police department. Defendants, to attract more viewers to the story and thus to generate more advertising revenue, made available a free copy of the entire coloring book via www.patch.com.

31. Upon information and belief, Defendants sent additional digital copies of the book to various internet file-sharing websites where the coloring book would be made available, for free, to anyone.

32. Defendants ensured by the way they assembled the digital copy of the coloring book that the Mark appeared throughout, making it seem as though Plaintiff approved of and was responsible for Defendants being in possession of and publishing a digital copy of the coloring book.

33. Defendants brazenly appropriated and diminished the value of the coloring book and the Mark. The coloring book is now effectively worthless for Plaintiff as the entire book was and is still available for any person to download. Defendants also tarnished the value of the Mark as set forth herein.

34. Defendants copied and distributed Plaintiff's coloring book in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling Defendants' goods and services.

35. Defendants used the Mark for the purpose of attracting consumers and misleading those consumers into thinking that Defendants are endorsed by Plaintiff and that the digital coloring book is a genuine product of Plaintiff's.

## COUNT I - COPYRIGHT INFRINGEMENT

36. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

37. Plaintiff owns a valid copyright in the coloring book.

38. Plaintiff registered the coloring book with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Defendants copied, displayed, and distributed the coloring book and made derivatives of the coloring book without Plaintiff's authorization in violation of 17 U.S.C. § 501.

40. Defendants performed the acts alleged in the course and scope of their business activities and intended to profit off of their infringement.

41. Defendants' infringement of Plaintiff's copyright in the coloring book was willful, deliberate and reckless.

42. Plaintiff has been damaged.

43. The harm caused to Plaintiff has been irreparable.

WHEREFORE, Plaintiff prays for judgment against Defendants such that:

a. Defendants and their agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**COUNT II - UNFAIR COMPETITION - SECTION 43(a) OF THE LANHAM ACT**

44. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint as though fully set forth herein.

45. Defendants used Plaintiff's Mark in interstate commerce to sell and promote their online newspaper, www.patch.com.

46. Defendants made unauthorized use of the Mark by displaying it and/or creating a link to the Mark on www.patch.com. This use of the Mark was intended to exploit the Mark and Plaintiff's goodwill so as to increase traffic to www.patch.com.

47. Defendants' use of the Mark is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with Plaintiff, or cause confusion, mistake or deception by suggesting sponsorship or approval of Defendants' website by Plaintiff.

48. The content that flows from www.patch.com constitutes commercial advertisement or promotion that misrepresents the nature, characteristics, and/or qualities of Defendants' services and commercial activities by associating them with Plaintiff.

49. Plaintiff has been damaged by Defendants' use of the Mark such that:

    a. Plaintiff has lost customers and revenue and goodwill as a result of Defendants' actions;

    b. Plaintiff has not gotten the benefit of substantial expenditures it has made to acquire, promote and secure the Mark; and

    c. Plaintiff has been forced to spend significant sums of money in an effort to reclaim its Mark from Defendants.

## COUNT III - TRADEMARK INFRINGEMENT

50. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint as though fully set forth herein.

51. Defendants used the Mark to promote their website, www.patch.com. As such, consumers would be confused and deceived into thinking that Plaintiff offered digital coloring books in conjunction with Defendants, and that Plaintiff approved of Defendants' creation of a digital copy of the coloring book.

52. Defendants, in publication and distribution of the coloring book containing the Mark, caused confusion, mistake, or deception as to the source or sponsorship of Defendants' website.

53. Defendants, utilizing the Mark, caused the consuming public to believe that Defendants' website had been approved by Plaintiff or that Defendants are legitimately connected with Plaintiff or authorized by Plaintiff to use the Mark and promote their website.

54. Plaintiff has been damaged by Defendants' infringement of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## COUNT IV - TRADEMARK DILUTION - SECTION 43(a) OF THE LANHAM ACT

55. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

56. Because the Mark is prominently displayed on virtually every page of the digital copy of the coloring book Defendants created, Defendants have thereby diluted the distinctive value of Plaintiff's Mark.

57. Plaintiff has been damaged by Defendants' dilution of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## COUNT V - MISSOURI TRADEMARK INFRINGEMENT

58. Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

59. Defendants' unauthorized use of the Mark is likely to cause confusion, mistake, or deception as to source, sponsorship, or approval of Defendants' primary website, www.patch.com, or in the alternative is likely to cause confusion, mistake, or deception about Defendants and Plaintiff working together to create and distribute a digital version of the coloring book in violation of Mo.Rev.Stat. § 417.056.

60. Consumers of coloring books are likely to believe that Defendants' website is licensed by, sponsored by, connected with, authorized by, or related to Plaintiff, or that Defendants and Plaintiff have a business relationship whereby they created a digital version of the coloring book.

61. Plaintiff has been damaged by Defendants' infringement of the Mark, and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## COUNT VI - MISSOURI ANTI-DILUTION ACT

62.     Plaintiff restates and incorporates by reference the preceding allegations of its Complaint.

63.     Because the Mark is prominently displayed on each page of the coloring book Defendants made available to the public at no cost, Defendants have diluted the distinctive value of Plaintiff's Mark.

64.     Plaintiff has been damaged by Defendants' dilution of the Mark and continues to suffer immediate and irreparable damage as long as Defendants' activity continues.

## PRAYER FOR RELIEF - TRADEMARK CLAIMS

Plaintiff respectfully requests that the Court enter judgment in its favor on all Trademark Claims, and that the Court specifically find that Defendants engaged in trademark infringement, unfair competition, and trademark dilution in violation of the Lanham Act and that Defendants engaged in trademark infringement and dilution in violation of Missouri law.  Plaintiff respectfully requests the Court enter judgment that Defendants acted willfully with respect to all violations of state and federal law.

Plaintiff respectfully requests that the Court permanently enjoin Defendants from using the Mark or a name confusingly similar to the Mark, using the Mark for any purpose, and from infringing on Plaintiff's rights in the Mark.

Plaintiff respectfully requests that the Court require Defendants to provide an accounting to Plaintiff of all monies gained by them from the use of the Mark and all profits earned by them since the start of their use of the Mark.

Plaintiff respectfully requests that the Court award it actual damages in an amount to be determined at trial, that the Court award Plaintiff three times the amount of its actual damages,

Defendants' profits over the period Defendants have used the Mark, the costs of this action, attorneys' fees, and such other amounts as the Court deems just pursuant to 15 U.S.C. § 1117(a).

Plaintiff respectfully requests that the Court award it three times the amount of Defendants' profits or Plaintiffs' damages, whichever is greater, together with a reasonable attorneys' fee and prejudgment interest pursuant to 15 U.S.C. § 1117(b).

Plaintiff respectfully requests that the Court award it statutory damages of not less than $1,000 or more than $200,000 per counterfeit mark per type of good or service sold or offered for sale, or if the Court finds Defendants' use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold or offered for sale pursuant to 15 U.S.C. § 1117(c).

Plaintiff respectfully requests all such other and further relief that the Court deems proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**VOYTAS LAW, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046 MO
7321 S. Lindbergh Blvd., Suite 101
St. Louis, MO 63125
Phone: 314.380.3166
Email: rick@voytaslaw.com

*Attorney for Plaintiff*


**HELLER & ASSOCIATES**

By: /s/ Annette P. Heller
Annette P. Heller, #26748 MO
400 Chesterfield Center, Ste. 400
Chesterfield, MO 63017
Phone: 314.469.2610
Email: TMAttorneyHeller@aol.com

*Co-Counsel for Plaintiff*